UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARTIN WALSH**, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **AARON MORSE, MOR-DALL ENTERPRISES, INC. SIMPLE IRA PLAN,** and **MOR-DALL ENTERPRISES, INC. HEALTH PLAN,** <br><br> Defendants. | **Civil Action No.** |

## COMPLAINT

Plaintiff Martin Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), alleges as follows:

1. This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, and is brought by the Secretary under ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices that violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

2. This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. The Mor-Dall Enterprises, Inc. SIMPLE IRA Plan ("IRA Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

4. The Mor-Dall Enterprises, Inc. Health Plan ("Health Plan") is an employee benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

5. Venue of this action lies in the Western District of Michigan, Southern Division pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the IRA Plan and the Health Plan, (collectively, "the Plans") were administered in Marshall, Calhoun County, Michigan, within this district.

## DEFENDANTS AND PARTIES IN INTEREST UNDER ERISA

6. Mor-Dall Enterprises, Inc. ("Mor-Dall" or "Company") was a Michigan corporation that was incorporated on February 3, 2000.

7. From at least 2010 to 2020, Mor-Dall was the Plan Administrator to the Plans within the meaning of ERISA § 3(16), 29 U.S.C. § 1002(16), was a fiduciary of the Plans within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and was a party in interest to the Plans within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(3)(14)(A) and (C).

8. From at least 2010 to 2020, Defendant Aaron Morse ("A. Morse") was a fiduciary of the Plans within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a party in interest to the Plans within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(3)(14)(A) and (C).

9. The Plans are named as Defendants pursuant to Rule 19(a)(1)(A) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

10. From at least the mid-2000's to 2020, Defendant A. Morse was the President, Treasurer, Secretary, and Director of Mor-Dall; owned 100 percent of Mor-Dall; exercised control over Mor-Dall and its assets; authorized the remittance of participant contributions to the Plans through the Company's bank account, on which he had final signatory authority; exercised authority and control over disposition of the Plans' assets; and was a fiduciary of the Plans within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a party in interest to the Plans within the meaning of ERISA § 3(14) (A) and (C), 29 U.S.C. §1002(A) and (C).

## COUNT ONE

### Failure to Remit Participant Contributions to the IRA Plan

11. Paragraphs 1 through 10 above are realleged and incorporated in these allegations.

12. Mor-Dall established the IRA Plan effective on January 1, 2010, to provide retirement benefits to its employees and their beneficiaries.

13. From October 21, 2016, through August 19, 2019, the IRA Plan's governing documents provided in pertinent part that participants could make pre-tax salary deferral contributions to the IRA Plan.

14. From October 21, 2016, through August 19, 2019, Mor-Dall withheld $41,201.26 from its employees' pay as salary deferral contributions intended for the IRA Plan. Mor-Dall retained the withheld participant contributions in its bank account and never remitted them to the IRA Plan.

15. .From October 21, 2016, through August 19, 2019, and pursuant to 29 CFR § 2510.3-102(a)(1)-(b)(2), Mor-Dall's participant contributions constituted plan assets, required to be remitted as of the earliest date on which such contributions could reasonably be segregated

from the employer's general assets or no later than the 30th calendar day of the month following the month in which the participant contribution amounts were received by the employer.

16. From October 21, 2016, through August 19, 2019, Defendant A. Morse had authority and control over whether and when Mor-Dall remitted withheld employee salary deferral contributions to the IRA Plan, and Defendant A. Morse exercised such authority and control.

17. From October 21, 2016, through August 19, 2019, Defendant A. Morse caused Mor-Dall to retain $41,201.26 in employee salary deferral contributions due to the IRA Plan in its corporate bank account and used them to pay Mor-Dall's general operating expenses.

18. Based on the facts described in Paragraphs 11 through 17 above, Defendant A. Morse:

    a. permitted the IRA Plan's assets to inure to the benefit of the employer and failed to hold them for the exclusive purpose of providing benefits to the IRA Plan participants and their beneficiaries and defraying reasonable expenses of plan administration in violation of ERISA § 403(c)(1), 29, U.S.C. § 1103(c)(1);

    b. failed to act solely in the interest of the participants and beneficiaries of the IRA Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

    c. failed to discharge his duties with the care, skill, prudence, and diligence that a prudent man acting in a like capacity and familiar with such matters would use for the same conduct in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

      d.      dealt with assets of the IRA Plan in his own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

      e.      acted on behalf of a party whose interests are adverse to the interest of the IRA Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

19.     As a direct and proximate result of Defendant A. Morse's fiduciary breaches, the IRA Plan suffered injury and losses for which he is personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## COUNT TWO

### Failure to Remit Employee Salary Deferral Contributions to the IRA Plan in a Timely Manner

20.     Paragraphs 1 through 17 above are realleged and incorporated in these allegations.

21.     Pursuant to 29 CFR § 2510.3-102(a)(1)-(b)(2), participant contributions are to be remitted as of the earliest date on which such contributions can reasonably be segregated from the employer's general assets or no later than the 30th calendar day of the month following the month in which the participant contribution amounts are received by the employer.

22.     From January 15, 2016, through June 3, 2019, Mor-Dall withheld $76,999.66 from its employees' pay as salary deferral contributions intended for the IRA Plan.

23.     From January 15, 2016, through June 3, 2019, Defendant A. Morse caused Mor-Dall to withhold $76,999.66 in employee salary deferral contributions from employees' paychecks and not remit them to the IRA Plan in a timely manner.

24.     Based on the facts described in Paragraphs 20 through 23 above, Defendant A. Morse:

  a. permitted the IRA Plan's assets to inure to the benefit of the employer and failed to hold them for the exclusive purpose of providing benefits to the IRA Plan participants and their beneficiaries and defraying reasonable expenses of plan administration in violation of ERISA § 403(c)(1), 29, U.S.C. § 1103(c)(1);

  b. failed to act solely in the interest of the participants and beneficiaries of the IRA Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

  c. failed to discharge his duties with the care, skill, prudence, and diligence that a prudent man acting in a like capacity and familiar with such matters would use for the same conduct in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

  d. allowed the IRA Plan to engage in a transaction that constitutes a direct or indirect transfer to, or use by or for the benefit of a party in interest, of any assets of the IRA Plan in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

  e. dealt with assets of the IRA Plan in his own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

  f. acted on behalf of a party whose interests are adverse to the interest of the IRA Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

25. As a direct and proximate result of Defendant A. Morse's fiduciary breaches, the IRA Plan suffered injury and losses for which he is personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## COUNT THREE

### Failure to Remit Participant Contributions to the Health Plan

26. Paragraphs 1 through 10 above are realleged and incorporated in these allegations.

27. Mor-Dall established the Health Plan to provide health benefits to its employees and their beneficiaries.

28. The Health Plan was a fully-insured plan.

29. From September 1, 2013 through February 1, 2020, Mor-Dall's employees who participated in the Health Plan had participant contributions withheld from their wages for remittance to the Health Plan.

30. Pursuant to 29 CFR § 2510.3-102(a)(1) and (c), participant contributions are to be remitted as of the earliest date on which such contributions can reasonably be segregated from the employer's general assets or no later than the 90 days from the date on which the participant contribution amounts are received by the employer.

31. From September 1, 2013 through June 1, 2019, Blue Cross Blue Shield of Michigan ("BCBS") provided health insurance coverage for Mor-Dall's employees who participated in the Health Plan.

32. From June 3, 2019 to August 12, 2019, Mor-Dall withheld $7,926.20 from its employees' pay for contributions to the Health Plan to pay BCBS' insurance premiums. Mor-Dall retained the $7,926.20 in participant contributions in its corporate bank account.

33. From September 1, 2013 through August 12, 2019, Defendant A. Morse had authority and control over whether and when Mor-Dall remitted withheld participant contributions to the BCBS Health Plan, and Defendant A. Morse exercised such authority and control.

34. From June 3, 2019 to August 12, 2019, Defendant A. Morse caused Mor-Dall to retain a total of $7,926.20 in participant contributions it had withheld for contribution to the Health Plan and payment of BCBS' premiums and used them to pay other corporate expenses.

35. Because Mor-Dall failed to remit to BCBS $7,926.20 in participant contributions to the Health Plan, BCBS retroactively canceled the Company's health insurance to June 2, 2019.

36. On June 27, 2019, BCBS notified Mor-Dall and Defendant A. Morse the BCBS Health Plan's coverage was retroactively cancelled to June 2, 2019 due to non-payment of premiums.

37. BCBS subsequently denied at least 59 health claims totaling $33,414.14 because the Health Plan participants were not eligible for coverage on the dates of their medical service.

38. On August 16, 2019, Mor-Dall entered into a contract with Priority Health Insurance Company ("Priority Health"), effective September 1, 2019, to provide health insurance coverage for Mor-Dall's employees who participated in the Health Plan.

39. From October 21, 2019 through January 27, 2020, Mor-Dall withheld $13,367.69 from its employees' pay for contributions to the Health Plan to pay Priority Insurance's insurance premiums. Mor-Dall retained the $13,367.69 in participant contributions in its corporate bank account.

40. From October 21, 2019 through January 27, 2020, Defendant A. Morse caused Mor-Dall to retain $13,367.69 in Priority Health participant contributions to the Health Plan that had been withheld from its employees' pay and used them to pay other corporate expenses.

41.     Because Mor-Dall failed to remit $13,367.69 in participant contributions to the Health Plan, Priority Health retroactively canceled the company's health insurance effective September 1, 2019.

42.     Priority Health subsequently denied at least 31 health claims totaling $16,823.84 because the Health Plan participants were not eligible for coverage on the dates of their medical service.

43.     Based on the facts described in Paragraphs 26 through 42 above, Defendant A. Morse:

   a.    failed to act solely in the interest of the participants and beneficiaries of the Health Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

   b.    caused the Health Plan to engage in transactions which he knew or should have known constituted a direct or indirect transfer to, or use by, or for the benefit of a party in interest, of assets of Health Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

   c.    dealt with assets of the Health Plan in his own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

   d.    acted on behalf of a party whose interests are adverse to the interest of the Health Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

44.     As a direct and proximate result of Defendant A. Morse's fiduciary breaches, the Health Plan suffered injury and losses for which he is personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## PRAYER FOR RELIEF

**WHEREFORE**, the Secretary prays that this Court enter a judgment:

A.     Permanently enjoining Defendant A. Morse from violating the provisions of Title I of ERISA;

B.     Permanently enjoining Defendant A. Morse from serving or acting as a fiduciary or service provider to any ERISA-covered employee benefit plan and removing him from any position he now holds as a fiduciary of the Plans;

C.     Ordering Defendant A. Morse to make good to the IRA Plan all losses, including lost opportunity costs, resulting from fiduciary breaches committed by him for which he is liable;

D.     Ordering Defendant A. Morse to make good to the Health Plan participants all losses, including unpaid health claims and lost opportunity costs, resulting from fiduciary breaches committed by him for which he is liable;

E.     Ordering Defendant A. Morse to correct the prohibited transactions in which he engaged.

F.     Awarding the Secretary the costs of this action; and

G.     Ordering such further relief as is appropriate and just.

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

10

    /s/Lydia J. Faklis
    **LYDIA J. FAKLIS**
    Attorney

    Office of the Solicitor
    U.S. Department of Labor
    230 South Dearborn Street
    Eighth Floor
    Chicago, Illinois 60604
    Telephone: (312) 353-6992
    Email: faklis.lydia.j@dol.gov

    Attorneys for Martin J. Walsh,
    Secretary of Labor,
    United States Department of Labor,
    Plaintiff