UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARTIN WALSH**, Secretary of Labor, United States Department of Labor,<br>          Plaintiff,<br><br>v.<br><br>**AARON MORSE, MOR-DALL ENTERPRISES, INC. SIMPLE IRA PLAN**, and **MOR-DALL ENTERPRISES, INC. HEALTH PLAN**,<br>          Defendants. | Civil Action No. 22-CV-00750<br><br>Judge Paul L. Maloney<br>Magistrate Judge Ray Kent |

## DEFAULT JUDGMENT AGAINST ALL DEFENDANTS

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), Plaintiff in the above-styled action, having filed his Complaint and Defendants Aaron Morse ("Morse"), Mor-Dall Enterprises, Inc. Simple IRA Plan (the "IRA Plan"), and Mor-Dall Enterprises, Inc. Health Plan (the "Health Plan") (collectively, "Defendants") having been duly served but having failed to plead or otherwise defend this action within the time prescribed by law, and default of the Defendants having been duly entered by the Court on January 20, 2023, and the amount owed by Defendants having been verified by the attested declaration of the Secretary's investigator;

Now, therefore, upon motion of the Secretary and for cause shown, **JUDGMENT IS HEREBY ENTERED** against Defendants Aaron Morse, Mor-Dall Enterprises, Inc. Simple IRA Plan, and Mor-Dall Enterprises, Inc. Health Plan in accordance with the prayer of the Complaint in the above-styled action;

And it is **ORDERED, ADJUDGED, AND DECREED** that:

1. Defendant Aaron Morse is permanently enjoined from violating the provisions of Title I of ERISA;

2. Defendant Aaron Morse is permanently enjoined from serving as a fiduciary or service provider to any ERISA-covered employee benefit plan;

3. Defendant Aaron Morse is removed as a fiduciary, service provider, trustee, and administrator of the IRA Plan and Health Plan as of the date of the entry of the Default Judgment;

4. Defendant Aaron Morse is liable to the IRA Plan in the amount of $50,623.95 for failing to remit employee contributions to the IRA Plan from October 21, 2016 to August 19, 2019, which includes $41,201.23 in unremitted employee contributions and an additional $9,422.72 in lost opportunity costs due arising from his failure to remit and timely remit employee contributions to the IRA Plan during this same period, calculated through March 9, 2023;

5. Defendant Aaron Morse is liable to the Health Plan in the amount of $9,230.36, which includes $7,926.20 in withheld employee contributions to the Health Plan for failing to use the contributions to pay premiums to Blue Cross Blue Shield of Michigan ("BCBS") from June 3, 2019 to August 12, 2019, as well as an additional $1,304.16 in lost opportunity costs arising from his failure to remit employee contributions to the Health Plan during this same period, calculated through March 9, 2023;

6. Defendant Aaron Morse is liable to the Health Plan in the amount of $38,941.88, which includes $33,414.14 in unpaid health plan claims to the Health Plan while the Health Plan was supposed to be covered by BCBS, as well as an additional $5,527.74 in lost opportunity costs, calculated through March 9, 2023;

7. Defendant Aaron Morse is liable to the Health Plan in the amount of $15,261.67, which includes $13,367.69 in withheld employee contributions to the Health Plan for failing to remit the contributions to pay premiums to Priority Health Insurance Company ("Priority Health") from October 21, 2019 to January 27, 2020, as well as an additional $1,893.98 in lost opportunity costs arising from his failure to remit employee contributions to the Health Plan during this same period, calculated through March 9, 2023;

8. Defendant Aaron Morse is liable to the Health Plan in the amount of $19,341.62, which includes $16,823.84 in unpaid health plan claims to the Health Plan while the Health Plan was supposed to be covered by Priority Health, as well as an additional $2,517.78 in lost opportunity costs, calculated through March 9, 2023;

9. Within 30 days of entry of the Default Judgment, Defendant Aaron Morse shall restore $50,623.95 to the IRA Plan, including lost opportunity costs. This restoration shall be completed by Defendant Aaron Morse sending a check made out in the name of the Mor-Dall Enterprises, Inc. IRA Plan c/o Edward Jones sent to address 424 E Michigan Ave, Marshall, MI 49068. At the time Defendant Aaron Morse restores the aforementioned amount to the IRA Plan he shall provide written allocation instructions to the asset custodian in accordance with Exhibit A-1, directing the asset custodian to restore the IRA Plan accounts accordingly.

10. Further, within 14 days of making the aforementioned restoration identified in paragraph 9, he shall provide written proof of the restoration to EBSA Regional Director L. Joe Rivers at 1885 Dixie Highway Suite 210 Ft. Wright, Kentucky 41011-2664;

11. Defendant Aaron Morse shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the IRA Plan who is eligible to receive a restoration payment under the terms of this Default Judgment and to disburse to each such

eligible participant or beneficiary the payment to which he or she is entitled. Defendant Aaron Morse shall account for if a participant has an open or closed account with Edward Jones for the IRA Plan. Defendant Aaron Morse shall take appropriate actions to locate and to notify each participant of the Plan of his/her entitlement to a restoration of losses. Appropriate actions relating to notifying former employees, include complying with the guidance in EBSA Field Assistance Bulletin 2014-01 and 2021-01. *See* https://www.dol.gov/agencies/ebsa/employers-and-advisers/guidance/field-assistance-bulletins/2014-01; https://www.dol.gov/agencies/ebsa/employers-and-advisers/guidance/field-assistance-bulletins/2021-01.

12. Within 30 days of entry of the Default Judgment, Defendant Aaron Morse must restore $24,492.03 for unremitted participant contributions, including lost opportunity costs, directly to the Mor-Dall Enterprises, Inc. Health Plan participants in the amounts set forth in Exhibit A-2. Defendant Aaron Morse shall provide a copy of all cancelled checks paying participants to EBSA Regional Director L. Joe Rivers at 1885 Dixie Highway Suite 210 Ft. Wright, Kentucky 41011-2664 within 14 days of restoration;

13. Within 30 days of entry of the Default Judgment, Defendant Aaron Morse must restore the total unpaid health claims, including lost opportunity costs, to the Mor-Dall Enterprises, Inc. Health Plan participants in the amounts set forth in Exhibit A-3. Defendant Aaron Morse shall provide a copy of all canceled checks paying participants unpaid health claims to EBSA Regional Director L. Joe Rivers at 1885 Dixie Highway Suite 210 Ft. Wright, Kentucky 41011-2664 within 14 days of restoration;

14. Defendant Aaron Morse shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Health Plan who is eligible to receive a

restoration payment, for unremitted Health Plan contributions and unpaid Health Plan claims, under the terms of this Default Judgment and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled. Defendant Aaron Morse shall take appropriate actions to locate and to notify each participant of the Plan of his/her entitlement to a restoration of losses. Appropriate actions relating to notifying former employees, include complying with the guidance in EBSA Field Assistance Bulletin 2014-01 and 2021-01. *See* https://www.dol.gov/agencies/ebsa/employers-and-advisers/guidance/field-assistance-bulletins/2014-01; https://www.dol.gov/agencies/ebsa/employers-and-advisers/guidance/field-assistance-bulletins/2021-01.

15. The Secretary is awarded the costs of this action; and

16. Such further relief as is appropriate and just.


Date: March 31, 2023  /s/ Paul L. Maloney
Hon. Paul L. Maloney
United States District Court Judge